UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BEVERLY A. PINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. 11-cv-6039-RBL-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: December 21, 2012 |

　　　This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 15, 19, 20).

　　　While plaintiff bears the burden of proving disability within the meaning of the Social Security Act, the ALJ also has an obligation to develop the record. Here, the ALJ failed to credit fully the testimony and credibility of plaintiff solely because of a lack of

1  support from the objective medical record, committing legal error. If he wanted to rely on
2  the medical record to reject all of the other evidence, he should have developed the record
3  sufficiently to support his conclusion.  In addition, the ALJ failed to credit fully lay
4  testimony on the basis that it was not supported by objective medical evidence, which is
5  not proper.  The Court also notes that the sparse nature of the record and the lack of
6  medical opinions regarding plaintiff's specific functional limitations indicate that further
7  assistance from a medical expert would be essential to the ALJ if plaintiff's claim is to be
8  rejected. For these reasons, this matter should be reversed and remanded pursuant to
9  sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

## BACKGROUND

Plaintiff, BEVERLY A. PINE, was born in 1954 and was thirty-nine years old on her alleged date of disability onset of May 24, 1994 (*see* Tr. 117). She has past relevant work as a real estate agent and a collections worker (*see* Tr. 32). Plaintiff testified that she had been living off of her investments as a real estate agent since the time she last worked in 1994 (*see* Tr. 43). She also received an inheritance in 1994 (*id.*).

Plaintiff testified that she stopped working due to her mother's death (*see* Tr. 44). Plaintiff testified that after her mother's death, she attempted to go back to work at the title company, however she was unable to concentrate and was suffering from high anxiety (*see id.*). Plaintiff testified that she and her supervisor agreed that someone else could do a better job, and she stopped working (*id.*).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 2

## PROCEDURAL HISTORY

Plaintiff protectively filed an application for disability insurance benefits on August 12, 2009 (*see* Tr. 117-23). Plaintiff's application was denied initially and following reconsideration (*see* Tr. 66-75, 77-81). Plaintiff's requested hearing was held before Administrative Law Judge Steve Lynch ("the ALJ") on December 17, 2010 (*see* Tr. 38-61). Plaintiff testified telephonically (*see* Tr. 40-41). On December 23, 2010, the ALJ issued a written decision in which he found that plaintiff was not disabled pursuant to the Social Security Act from the date of her alleged disability onset, May 24, 1994, through the date last insured of December 31, 1999 (*see* Tr. 24-34).

On October 25, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. In December, 2010, plaintiff filed a complaint in this Court, seeking judicial review of the ALJ's written decision (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative transcript regarding this matter ("Tr.") on March 13, 2012 (*see* ECF Nos. 9, 10). In her Opening Brief, plaintiff challenges (1) the ALJ's review of her testimony and credibility; (2) the ALJ's review of the lay opinion evidence; and (3) the ALJ's failure to call a medical expert to develop the record (*see* ECF No. 15, pp. 1-2).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *Meanel v. Apfel*,

172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting*

*Andrews, supra*, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. April 2, 2012) (Dock. No. 10-16578); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." *Stout, supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

# DISCUSSION

1. **The ALJ erred in his review of plaintiff's testimony and credibility**.

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284; *see also Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281 (*citing Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the

claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen, supra*, 80 F.3d at 1283-84; *Reddick, supra*, 157 F.3d at 722 (*citing Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

      Here, the ALJ found that plaintiff had the severe impairments of anxiety disorder and depressive disorder (*see* Tr. 29). He also found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Tr. 31). Therefore, the ALJ could not discredit properly plaintiff's testimony as to the severity of her symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *See Bunnell*, *supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407). However, that is exactly what the ALJ did here (*see* Tr. 31-32).

      There is one paragraph between the ALJ's discussion of the lay evidence and the ALJ's finding that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" (*see id.*). This paragraph begins with the statement that the "medical evidence of record is sparse," and continues with a selective discussion of the limited medical evidence (*see id.*). The lack of corroboration

from objective evidence alone is not clear and convincing evidence in the context of this case for the failure of the ALJ to credit fully plaintiff's testimony regarding the limiting effects of her severe impairments of anxiety and depression. *See Bunnell*, *supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407).

Plaintiff carried her burden to demonstrate both the existence of severe impairments of anxiety and depression that had more than a minimal effect on her ability to function in a work setting, and that her anxiety and depression reasonably could have been expected to cause her alleged symptoms, as found by the ALJ (*see* Tr. 29, 31). Therefore, because there was no evidence of malingering, the ALJ was required to provide clear and convincing evidence for any failure to credit fully her testimony regarding her limitations, and was required to provide more than a conclusion that her limitations were not supported by the objective evidence of record. *See id.; see also Smolen, supra*, 80 F.3d at 1283-84; *Reddick, supra*, 157 F.3d at 722 (*citing Lester*, *supra*, 81 F.3d at 834; *Swenson*, *supra*, 876 F.2d at 687). This, the ALJ failed to do.

Defendant contends that the ALJ failed to credit fully the testimony of plaintiff in part due to plaintiff's failure to take her medication (*see* Response, ECF No. 19, p. 5). First, the Court notes that this reason was not offered by the ALJ and "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *See Bray*, *supra*, 554 F.3d at 1226-27 (*citing Chenery Corp.*, *supra*, 332 U.S. at196).

Second, when a mental illness is involved, assuming that a failure to comply with prescribed treatment suggests a willful failure to comply with prescribed treatment can be illogical. This is in part because a person suffering from a mental illness may not realize that she needs her medication, or she may not even realize that her "condition reflects a potentially serious mental illness." *See Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (*quoting* with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

When a person suffers from a mental illness, especially a severe one such as the severe anxiety and depression suffered by plaintiff here, (*see* Tr. 29), and the mentally ill person does not have the requisite insight into her condition, or does not have the memory ability to take a medication three times a day, this fact actually can indicate a greater severity of mental incapacity. *See Van Nguyen, supra*, 100 F.3d at 1465; *see also Blankenship, supra*, 874 F.2d at 1124.

In addition, the ALJ failed to consider whether or not plaintiff's lack of insight into her condition, or whether or not plaintiff's lack of insurance and funds, explained adequately her lack of compliance with prescribed treatment medication. This failure goes against the direction from the relevant Social Security Ruling and Ninth Circuit precedent, as described below.

According to Social Security Ruling, ("SSR"), SSR 96-7, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any

explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7 1996 SSR LEXIS 4, at *22. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356).

The ALJ noted, but failed to discuss the implications of, the fact that plaintiff stopped taking her medication "because she could not afford it" (*see* Tr. 32; *see also* Tr. 181). However, according to the Ninth Circuit, "[a]lthough we have held that 'an unexplained, or inadequately explained failure to seek treatment can cast doubt on the sincerity of a claimant's pain testimony,' we have proscribed the rejection of a claimant's complaint for lack of treatment when the record establishes that the claimant could not afford it." *See Regennitter v. Comm'r SSA,* 166 F.3d 1294, 1296 (9th Cir. 1999) (citations, ellipses and brackets omitted).

For these reasons, the Court is not persuaded by defendant's argument that the ALJ failed to credit fully plaintiff's testimony on the basis that she felt like she didn't need to take her medication or otherwise failed to comply with prescribed medication

treatment. For the stated reasons and based on the relevant record, the Court concludes that the ALJ erred in his review of plaintiff's credibility and testimony.

Based on a review of the relevant record, including the sparse ALJ written decision, the Court finds that the error in the review of plaintiff's credibility and testimony is harmful error. *See Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55. The ultimate decision regarding disability was based largely on the credibility finding of the ALJ. Therefore, this matter should be reversed and remanded to the Commissioner for further administrative consideration.

2. **The ALJ erred in his review of the lay opinion evidence**.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," *see* 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources," *see* 20 C.F.R. § 404.1513 (d)(4), and "other sources" such as nurse practitioners and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d)(1). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*citing Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.

2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

Here, the ALJ included a discussion of some of the evidence provided by plaintiff's friend, Ms. Patricia Baker ("Ms. Baker") (*see* Tr. 32). The ALJ discussed Ms. Baker's relationship to plaintiff, and her lay statements, such as that plaintiff "'folded up' after her mother's death in 1994;" that plaintiff "could not concentrate, became easily overwhelmed, was not able to work, and developed new phobias;" and that plaintiff "was afraid to leave the house or drive over a bridge" (*see* Tr. 32). After discussing the evidence presented in the letter from Ms. Baker, the ALJ indicated that "Ms. Baker's statements are considered credible to the extent reports of what has been seen and heard are accurate. However, the objective medical evidence between 1994 and 1999 does not support the alleged degree of limitation" (*id.*).

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*quoting Van Nguyen, supra*, 100 F.3d at 1467) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). However, that is exactly what the ALJ did here. *See id.* The only reason explicitly provided by the ALJ for his failure to credit fully the lay evidence, which was supportive of plaintiff's allegations and testimony, which the ALJ also did not

credit fully, was the finding that the objective medical evidence did not support the alleged degree of limitation. This was improper. *See id.*

For the reasons stated and based on the relevant record, the Court concludes that the ALJ committed harmful legal error in his evaluation of the lay evidence. As the ultimate decision regarding disability was based in part on a failure to credit fully the statements from Ms. Baker, this error was not harmless. *See Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55. Therefore, the lay evidence should be evaluated anew following remand of this matter.

3. **The ALJ assigned to this matter following remand should reconsider whether or not to call a medical expert to develop the record**.

The ALJ "has an independent 'duty to fully and fairly develop the record.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). The ALJ's "duty exists even when the claimant is represented by counsel." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam) (*citing Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)).  This duty is "especially important" when plaintiff suffers from a mental impairment. *Delorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). This is "[b]ecause mentally ill persons may not be capable of protecting themselves from possible loss of benefits by furnishing necessary evidence concerning onset." *Id.* (*quoting* Social Security Regulation 83-20). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence.

*Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The ALJ noted that the record was sparse and not well developed (*see* Tr. 31). State agency medical consultants Dr. Cynthia Collingwood, Ph.D. and Dr. Robert Hoskins, M.D., evaluated plaintiff's medical record and both noted the presence of panic disorder and depression, but found that there was insufficient evidence to assess functional limitations (*see* Tr. 198, 200, 207, 207). However, the ALJ used the medical record as support for his failure to credit fully the evidence offered by plaintiff and her friend, Ms. Baker, on the issue of plaintiff's specific functional limitations. Because the ALJ was relying on his assessment of the medical evidence for his failure to credit all of the other evidence in the record, the ALJ had a duty to develop the record beyond the "sparse record" that existed in this matter (*see* Tr. 31-32).

As the Court has noted already, the ALJ's duty to develop the record is "especially important" when plaintiff suffers from a mental impairment. *Delorme*, *supra*, 924 F.2d at 849. The Ninth Circuit quoted the Social Security Regulation to explain why an ALJ's duty to develop the record is especially important when a claimant suffers from mental impairments: "Because mentally ill persons may not be capable of protecting themselves from possible loss of benefits by furnishing necessary evidence concerning onset, development should be undertaken in such cases to ascertain the onset date of the incapacitation impairment." *Id.* (*quoting* SSR 83-20). The Court finds that this reasoning is relevant to the case at bar, where the alleged onset date is years in the past, and where plaintiff's alleged fear about driving and crossing bridges; and her anxiety about going to

the doctor's office, may have contributed to plaintiff sparse medical record (*see* Tr. 32, 181). There is explicit evidence in this case that plaintiff's sparse medical record during the time in question supports a finding that plaintiff suffered from greater limitations than found by the ALJ in his residual functional capacity determination.

Although the ALJ indicated that "no treating or examining physician opined that the claimant was disabled or had more limitations than those determined in this decision," it also does not appear that any treating, examining or reviewing physician opined that plaintiff only had the limitations as determined by the ALJ in his written decision (*see* Tr. 31-32).

Plaintiff's Opening Brief includes the following argument:

> There was no reason for any of Plaintiff's treating or examining physicians to make a determination as to whether Plaintiff was disabled or how her impairments impacted her functioning. The treating and examining sources were working to treat Plaintiff's symptoms. Plaintiff had not applied for workers' compensation or disability; therefore, the sources had no reason to discuss any functional limitations arising from Plaintiff's condition.

(*see* Opening Brief, ECF No. 15, p. 7).

It does not appear that there are any medical opinions in the record regarding plaintiff's specific functional limitations on her ability to work during the relevant period of time. It appears that the ALJ made his own medical determination regarding the relevant limitations to be assessed on plaintiff based on her medical record, while rejecting all other evidence supporting greater limitations (*see* Tr. 31). However, the record appears to be inadequate to allow for proper evaluation of the evidence. *See Mayes*, *supra*, 276 F.3d at 459-60; *Tonapetyan*, *supra*, 242 F.3d at 1150.

For the reasons stated and based on the relevant record, the Court concludes that plaintiff met her burden to demonstrate the existence of severe mental impairments that had more than a minimal effect on her ability to work. However the medical record may have been inadequate to allow for a proper determination regarding the specific functional effects of her severe mental impairments, especially as all of the other evidence in the case regarding the functional effects of her impairments was rejected. *See Mayes*, *supra*, 276 F.3d at 459-60; *Tonapetyan*, *supra*, 242 F.3d at 1150. Following reconsideration of the relevant evidence, the Administrative Law Judge assigned to this matter following remand may choose to develop the record more fully, such as with the assistance of a medical expert.

## CONCLUSION

The ALJ found that plaintiff's alleged symptoms could have been caused by her severe anxiety and depression, yet did not explain adequately why he failed to credit plaintiff's testimony that she suffered symptoms severe enough to preclude her from working, and provided no valid reasons for his failure to credit fully the substantiating evidence provided in the lay statement.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 21, 2012, as noted in the caption.

Dated this 30th day of November, 2012.

J. Richard Creatura
United States Magistrate Judge